UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ-RAMOS,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  26-CV-3159 JLS (GC)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 8) |

Presently before the Court is Rafael Gonzalez-Ramos's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 8).  Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 10) and Petitioner's Traverse ("Traverse," ECF No. 11).  For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

BACKGROUND

Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since April 2026. Pet. at 1.  Petitioner entered the United States at eleven years old and has resided in the United States for the last twenty-five years. *Id.* at 2.  Petitioner attended school in the United States, is married to a U.S. citizen, and

1

has a U.S. citizen daughter. *Id.* at 3. His wife is currently pregnant with their second U.S.-citizen child. *Id.* On April 20, 2026, Petitioner was detained by a masked ICE agent when he was attending a court hearing in San Diego. *Id.* Petitioner alleges that his detention without an administrative warrant violates the process set out in 8 U.S.C. § 1226(a).

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues, and Respondents do not contest, that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* Petitioner cites several cases where habeas petitioners have been released based on a failure to issue an administrative warrant pursuant to § 1226(a). *See* Pet. at 6–7 (citing cases); Traverse at 1–2 (citing cases). Respondents "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases," and therefore, "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." Ret. at 1–2. Respondents do not address the apparent lack of a warrant in detaining Petitioner. *See generally id.*

26-CV-3159 JLS (GC)

The Court finds that release is not the appropriate remedy in this case. Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In general, "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)). Therefore, as with the Eastern District in *Lopez-Perez* and the District of Maine in *Garcia De Melo*, the Court concludes that Respondents' forty-eight-hour clock to conduct an initial custody determination starts running with the issuance of this Order. As the court in *Garcia Del Melo* explained, to hold otherwise would "place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule." *Garcia De Melo*, 2026 WL 925672, at *5. The Court thus **DENIES** the Amended Petition to the extent it seeks release.

The Court instead finds that a bond hearing is the appropriate remedy. Petitioner is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).[1] As Respondents agree and do not oppose an order directing a bond hearing, the Court **GRANTS** the Amended Petition to the extent it seeks a bond hearing pursuant to § 1226(a).

/ / /

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026). Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-3159 JLS (GC)

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus (ECF No. 8). The Court **ORDERS** that **within 48 hours of this Order**, Respondents **SHALL CONDUCT** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate. If Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL SEEK** an arrest warrant immediately. If the warrant is not granted, Respondents **SHALL RELEASE** Petitioner immediately.

If a warrant is granted, the Government **SHALL PROVIDE** Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days of the initial custody determination, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

The Parties **SHALL FILE** (1) a joint status report informing the Court of the outcome of the custody determination on or before July 6, 2026, and (2) if a warrant is granted, a joint status report informing the Court of the outcome of the bond hearing or Petitioner's request for a continuance on or before July 20, 2026. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 29, 2026

Hon. Janis L. Sammartino
United States District Judge

4

26-CV-3159 JLS (GC)